# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

REISSUED FOR PUBLICATION
OCT 24 2016
OSM
U.S. COURT OF FEDERAL CLAIMS

FILED
SEP 27 2016
U.S. COURT OF FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| VIOLA BENTLEY, | No. 15-1540 |
| | Special Master Christian J. Moran |
| Petitioner, | |
| | Filed: September 27, 2016 |
| v. | |
| | Hepatitis B vaccine; failure to |
| SECRETARY OF HEALTH | prosecute; insufficient proof |
| AND HUMAN SERVICES, | |
| | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * *

Viola Bentley, Philadelphia, PA, pro se;
Lisa A. Watts, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Viola Bentley filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 et. seq., on December 17, 2015. Her petition alleged that she suffered had an adverse reaction, including a skin reaction and sickness, resulting from the receipt of the hepatitis B vaccine administered to her on October 3, 2014. The information in the record, however, does not show entitlement to an award under the Program.

### I. Procedural History

On December 17, 2015, Ms. Bentley filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 et. seq., alleging that she was injured as a result of the hepatitis B vaccine she received on October 3, 2014. See

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Petition. Petitioner filed some medical records with her petition, but has not filed complete medical records as required by 42 U.S.C. § 300aa-11(c).

An initial status conference was held on January 28, 2016, in which the undersigned explained to petitioner the operation of the vaccine program. Petitioner was ordered to obtain and file her medical records by March 28, 2016. After missing that deadline, petitioner contacted chambers seeking guidance about how to obtain and file medical records. Petitioner was given guidance on how to proceed regarding acquiring her medical records, and in an April 18, 2016 order petitioner's deadline to file her medical records was extended until Tuesday, June 14, 2016. On June 23, 2016, petitioner was ordered to show cause why her case should not be dismissed. On August 22, 2016, petitioner received the 240-day notice required by statute.

Petitioner, to date, has not filed any further medical records, or motioned for an extension of time.

## II.  Analysis

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute her cases, the Court may dismiss the case. Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Additionally, to receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that Ms. Bentley suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Ms. Bentley's alleged injury was vaccine-caused.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records do not support petitioners' claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion. Accordingly, it is clear from the record in this case that Ms. Bentley has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination.

**Thus, this case is dismissed for failure to prosecute and for insufficient proof. The Clerk shall enter judgment accordingly.**

The Clerk's Office is instructed to mail a courtesy copy of this order to Ms. Bentley return receipt requested.

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

**IT IS SO ORDERED.**

Christian J. Moran
Special Master